UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN L. HAMILTON, JR                                                    PLAINTIFF
#02395-21

V.                              No. 4:22-CV-291-LPR-JTR

ERIC HIGGINS, Sheriff, Pulaski County;
ROSE, Major, Supervisor,
Pulaski County Jail;
CALVIN, Captain,
Pulaski County Detention Facility;
ALLEN, Day Shift Lieutenant,
Pulaski County Detention Facility;
SCOTT, Sergeant,
Pulaski County Detention Facility; and
AUSTIN, Sergeant,
Pulaski County Detention Facility                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On March 31, 2022, Plaintiff Kevin L. Hamilton, Jr. ("Hamilton"), an inmate at the Pulaski County Detention Facility ("PCDF"), filed a *pro se* § 1983 Complaint (*Doc. 2*) alleging that Defendant violated his constitutional rights. Before Hamilton may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

In his Complaint, Hamilton alleges that Defendants refuse to "accommodate" him with the "proper" grievance forms to allow him to exhaust his administrative remedies prior to filing a § 1983 complaint.

Specifically, Hamilton alleges that, on November 8, 2021, he asked "unit dep. Co. K. McCain" for grievance forms but, instead of providing a paper form that would allow him to file his grievance "the proper way," he was told to file his grievances "on the kiosk." *Doc. 2 at 4*. Then, on March 17, 2022, Hamilton asked "Sgt. C. Scott, Sgt. Austin, D. Wynne, and Henry" for the "BP-8" and "BP-9"

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

grievance forms but Sergeant Scott replied that he had no knowledge of those forms.[2] *Doc. 2 at 5*.

For relief, Hamilton asks the Court "to [e]nforce the rules and have the [PCDF] give out the grievance, resolution, and formal resolution forms." *Doc. 2 at 6*.

Liberally construing Hamilton's Complaint, he attempts to assert a § 1983 action for injunctive relief based on alleged violations of his constitutional right to access the courts. However, inmates do not have a constitutionally protected right to access a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) ("[D]efendants' denial of [prisoner's] grievances did not state a substantive constitutional claim."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[D]efendants' failure to process any of [inmate's] grievances, without more, is not actionable under section 1983."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curium) ("[R]egulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."). Further, it appears that Hamilton *was* granted access to the PCDF's grievance procedure via a kiosk. Just because Hamilton was not allowed to file grievances

---

[2] For *federal* prisoners, the Federal Bureau of Prisons has an administrative grievance procedure that includes "Informal Resolution" forms ("BP-8s") and formal "Request for Administrative Remedy" forms ("BP-9s"). *Gonzalez v. Bendt*, 971 F.3d 742, 744 (8th Cir. 2020).

3

through his preferred method, *i.e.*, on paper forms, does not mean he was denied access to that procedure.

Accordingly, Hamilton has failed to allege a viable constitutional violation and this § 1983 action should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hamilton's Complaint (*Doc. 2*) and be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim upon which relief may be granted.

2. The dismissal be counted as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

DATED this 1st day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE